# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TINA BELOTTI,**

      **Plaintiff,**

**v.**                                              **Case No: 6:23-cv-574-RBD-EJK**

**PIZZERIA ITALIA LLC,**

      **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff's Motion for Clerk's Default Against Defendant, Pizzeria Italia, LLC (the "Motion"), filed June 7, 2023. (Doc. 12.) Upon consideration, the Motion is due to be denied without prejudice.

## I.  BACKGROUND

Defendant is a company that primarily provides restaurant and food services in Osceola County, Florida. (Doc. 1.) On March 29, 2023, Plaintiff filed a Complaint against Defendant to recover overtime compensation that Defendant allegedly failed to pay, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. (*Id*.) Plaintiff claims that, despite her employment position as "General Manager," her pay structure and every other aspect of her employment suggest that Defendant misclassified her as an exempt employee in violation of the FLSA. (*Id*.)

Plaintiff alleges that Defendant misclassified her as a salaried employee and paid her a weekly salary of $1,000.00 per pay period. (Doc. 1 at 5.) From September

15, 2007, until around October 28, 2021, Plaintiff worked an average of 70 or more hours per week for Defendant. (*Id.*) According to Plaintiff, Defendant violated the FLSA during this period by failing to pay Plaintiff for hours worked over 40 hours per week. (*Id.*)

On May 10, 2023, Plaintiff effectuated service at Defendant's registered agent's address, 2923 Vineland Road, Orlando, Florida 34746. (Docs. 4, 11.) According to the Florida Division of Corporations, Defendant's registered agent is Patrick Bonk.[1] Process was served on Tony Gentile, the manager on duty at the time of service. (*Id.*) According to the Return of Service affidavit, Mr. Gentile stated that he helps run the pizza operation, accepted all required court documents, and made no attempt to refuse service. (*Id.*) Defendant has not filed a response to the Complaint. (Doc. 12 at 2.) On June 7, 2023, Plaintiff filed a Motion for Clerk's Default Against Defendant in accordance with Federal Rule of Civil Procedure 55(a). (*Id.*)

## II.   DISCUSSION

Before the Clerk may enter default, the Clerk must determine that effective service has been made on the defaulting Defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v.*

---

[1] *Detail by Entity Name of Pizzeria Italia, LLC*, Division of Corporations, an official State of Florida website, https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=PIZZERIAITALIA%20L200000310710&aggregateId=flal-l20000031071-54d4eef1-7e6e-446f-ba3d-ac696187e6a8&searchTerm=PIZZERIA%20ITALIA%20LLC&listNameOrder=PIZZERIAITALIA%20H983250 (last visited July 24, 2023).

*Florida*, 223 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished). For corporate defendants, the Federal Rules of Civil Procedure provide that service can be made by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant [.]

Fed. R. Civ. P. 4(h)(1)(B). A corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where the service is made[.]" Fed. R. Civ. P. 4(e)(1); *see also* Fed. R. Civ. P. 4(h)(1)(A). The Florida Statutes permit process to be served on a limited liability company by serving either the registered agent or the registered agent's employee. Fla. Stat. § 48.062(1). Moreover, § 48.062(2) allows substituted service on a manager, member, or designated employee of the LLC if the registered agent cannot with reasonable diligence be served. Fla. Stat. § 48.062(2).

Based on the information provided, Plaintiff has failed to prove that service was properly effectuated under §§ 48.062(1) or 48.062(2). Plaintiff's process server attests that she delivered the summons and complaint to the manager on duty, Tony Gentile. However, as noted above, Mr. Gentile is not Defendant's registered agent, and Plaintiff presents no evidence that Mr. Gentile is an employee of the registered agent, or a manager, member, or designated employee of Pizzeria Italia, LLC. *See Walters v. Fast AC, LLC*, No. 2:19-CV-70-FTM-38MRM, 2019 WL 13023683 (M.D. Fla. Dec. 12, 2019) (finding ineffective service under § 48.062 because the plaintiff failed to

explain whether the person served was employee of the registered agent or a manger of the defendant's business); *San-Way Farms, Inc. v. Sandifer Farms, LLC*, No. 8:29-CV-1969-CEH-CPT, 2021 WL 1849769, at *1 (M.D. Fla. May 7, 2021) (finding service invalid under § 48.062 because the plaintiff failed to explain whether the person served was one authorized to receive under § 48.062(2)). As a result, Plaintiff has not proven that Defendant has been properly served under §§ 48.062(1) or 48.062(2).

### III. CONCLUSION

Accordingly, it is hereby ordered that the Motion for Clerk's Default Against Defendant, Pizzeria Italia, LLC (Doc. 12.) is **DENIED without prejudice**. Plaintiff may refile a new motion addressing the deficiencies in this Order, or re-serve Defendant, on or before August 18, 2023.

**DONE** and **ORDERED** in Orlando, Florida on July 28, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE